Sharon TAFF, Appellant,

v.

The CITY OF MUSKOGEE,
Oklahoma, Appellee.

No. 70335.

Court of Appeals of Oklahoma,
Division No. 1.

Oct. 17, 1989.

Stephen J. Sherer, Muskogee, for appellant.

C. Bart Fite, Muskogee, for appellee.

### MEMORANDUM OPINION

GARRETT, Presiding Judge:

Sharon Taff (Appellant) brought an action in district court against the City of Muskogee, Oklahoma, (Appellee), on August 25, 1987, alleging that her home was damaged when Appellee's sanitary sewer line stopped up, causing sewage to back up in her basement. She alleged that the value of her damages was $20,816.00. She alleged that Appellee had been notified of her claim under 51 O.S.Supp.1984 § 151 et seq., but that because no action had been taken by Appellee, the claim was deemed denied. Appellee filed a motion to dismiss the action because it was not timely filed pursuant to the Oklahoma Political Subdivision Tort Claims Act, now The Governmental Tort Claims Act (the Act). The trial court sustained the motion and dismissed Appellant's petition because it was not filed within 180 days after being deemed denied as required by 51 O.S.Supp.1987 § 157. This appeal followed.

Appellant contends that the maintenance of sewers by Appellee is a proprietary function of the municipality, and that the Act (see § 166) provides that it applies to both governmental and proprietary functions. Then she contends that because the title of the Act (as enacted in 1978) fails to

mention proprietary functions, it is rendered unconstitutional as applied thereto. It follows, she contends, that general statutes of limitations applicable to negligence should govern this case, rather than those under the Act.

Appellant cites *Oklahoma City v. Prieto*, 482 P.2d 919 (Okl.1971). Therein it was held that the omission of "proprietary functions" in the title of an Act rendered those portions of the Act extending liability to municipalities unconstitutional and void. However, that case is distinguishable from the situation herein. *Prieto* considered a former act wherein the title specifically addressed tort liability of municipalities when engaged in "governmental functions". Thus, the omission of "proprietary functions" in the title rendered the Act inapplicable to such functions.

The title to the Act being considered does not mention either function to the exclusion of the other.[1] *Oklahoma City v. Moore*, 491 P.2d 273 (Okl.1971), cited by Appellant, is also distinguishable. The Supreme Court upheld the distinction between governmental and proprietary functions and their application to the then existing Act, holding that the Legislature had not expressed an intent that the Act was intended to limit or restrict tort liability of municipalities in proprietary functions. *Moore* was decided prior to the Supreme Court's later decision in *Vanderpool v. State*, 672 P.2d 1153 (Okl.1983), which abrogated the judicially-created doctrine of governmental immunity.

Article 5, § 57, of the Oklahoma Constitution, provides, *inter alia*, that "Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title,...." Although the title to the 1978 Act under consideration does not specifically mention "proprietary functions", this does not render the Act unconstitutional as applied to them.

The title of an Act need not be an abstract of the statute's content if it expresses the purpose and object of the act in general terms. See *Continental Oil Co. v. State Board of Equalization*, 494 P.2d 645 (Okl.1972). "The purpose of Art. 5, Sec. 57, Okl.Const., is to prevent the Legislature from including in one act two or more unconnected subjects." 494 P.2d at 647. The title to the act involved in the present case shows that it pertains generally to tort liability of political subdivisions, whether the function involved is governmental or proprietary, and to filing and collecting claims and judgments. The Act was later amended and became known as the Governmental Tort Claims Act in 1984.

We hold that the title of the 1978 Act was sufficient to satisfy the requirement of Article 5, § 57, Oklahoma Constitution, and the Act is applicable to this case. Appellant's claim was untimely filed. Even though Appellant's contention is rejected, we note the decennial adoption of the Official Oklahoma Statutes in 1981 with § 157 and § 166 included therein. Even if a title defect had previously existed, it was then cured. *Bayouth v. State*, 294 P.2d 856 (Okl.Cr.1956).

AFFIRMED.

HUNTER and MacGUIGAN, JJ., concur.

---

1.  The title to the Act provides:

    An Act relating to Torts; providing for a Political Subdivision Tort Claims Act; providing for short title; defining terms; specifying areas of and limits of liability of certain political subdivisions; excluding liability under certain conditions; providing claim and judgment collection procedures; authorizing indemnification of employees by political subdivisions; providing procedures for employee indemnification in certain civil rights actions; providing for jurisdiction venue and method of service and other procedural matters; authorizing insuring by certain entities and providing procedures therefor; providing for general repealer; repealing sections 23–201 through 23–213, Chapter 256, O.S.L.1977 (11 O.S.Supp.1977, sections 23–201 through 23–213), and section 33, Chapter 211, O.S.L.1973, as amended by section 1, Chapter 311, O.S.L.1975 (70 O.S.Supp.1977, section 5–136); directing codification; providing for severability; providing an effective date; and declaring an emergency. Laws 1978, c. 203.